STEFANI E. SHANBERG (State Bar No. 206717)
sshanberg@mofo.com
NATHAN B. SABRI (State Bar No. 252216)
nsabri@mofo.com
MADELEINE E. GULLY (State Bar No. 263120)
mgully@mofo.com
ALEX N. HADDUCK (State Bar No. 312962)
ahadduck@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRSTFACE CO., LTD.,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.    3:18-cv-02245-JD<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF FIRSTFACE CO., LTD.'S COMPLAINT**<br><br>Date: August 30, 2018<br>Time: 10:00am<br>Courtroom: 11<br>Before: Hon. James Donato |

PLEASE TAKE NOTICE that on August 30, 2018, at 10:00 a.m., or as soon as the matter may be heard, in Courtroom 11, of the United States District Court of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Apple Inc. ("Apple") moves to dismiss the Original Complaint (Dkt. 1) ("Complaint") of Plaintiff Firstface Co., Ltd. ("Firstface") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Apple bases this Motion on this Notice of Motion, its Memorandum of Points and Authorities, the pleadings, records, and files in this action, and all other written or oral arguments or evidence that the parties may present to the Court relating to this Motion.  Apple respectfully asks that the Court dismiss the Complaint in this action for failure to state a claim upon which relief may be granted, with prejudice as to the claim of willful infringement, and for any other relief that the Court deems just and proper.

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3   I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED............................ 1

4   II.   STATEMENT OF FACTS ...................................................................................... 1

5   III.  LEGAL STANDARDS.......................................................................................... 2

6         A.   Motion to Dismiss.................................................................................... 2

7         B.   Direct Infringement.................................................................................. 3

8         C.   Induced Infringement ............................................................................... 3

9         D.   Contributory Infringement ........................................................................ 4

10        E.   Willful Infringement ................................................................................. 4

11  IV.   ARGUMENT ...................................................................................................... 5

12        A.   The Complaint fails to adequately plead direct infringement. ........................... 5

13        B.   The Complaint fails to plausibly allege specific intent and knowledge for induced
14             infringement. ......................................................................................... 6

15        C.   The Complaint fails to plausibly allege a lack of substantial noninfringing use and
               knowledge for contributory infringement. ..................................................... 8

16        D.   The Complaint fails to plausibly allege knowledge and egregious conduct for willful
17             infringement of the '557 patent.................................................................. 9

      V.    CONCLUSION ................................................................................................. 11

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anza Tech., Inc. v. D-Link Sys.*,
  Case No. 3:16-CV-01263-BEN-AGS, 2016 WL 8732647 (S.D. Cal. Nov. 4,
  2016) ................................................................................................................................3, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... *passim*

*Atlas IP LLC v. Pacific Gas & Elec. Co.*,
  Case No. 15-CV-5469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ......................3, 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................2, 3, 5, 6, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...............................................................................8

*CAP Co. v. McAfee, Inc.*,
  Case No. 14-CV-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ................1, 7, 8, 10

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
  Case No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572 (D. Nev. Jan. 4, 2017) ........................10

*Commil USA, LLC v. Cisco Sys.*,
  135 S. Ct. 1920 (2015) ..........................................................................................7

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F. 3d 1293 (Fed. Cir. 2006) ...............................................................................7

*Elan Microelectronics Corp. v. Apple, Inc.*,
  Case No. 09-CV-01531 RS, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14,
  2009) ................................................................................................................3

*Finjan, Inc. v. Cisco Sys. Inc.*,
  Case No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ...................5, 9, 10

*FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*,
  Case No. 15-CV-1058 JLS (DHB), 2016 WL 903681 (S.D. Cal. Feb. 8, 2016) ............. *passim*

*Fujitsu Ltd v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ...............................................................................4, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ..........................................................................................4, 7, 9

*Gustafson, Inc. v. Intersystems Indus. Prods.*,
  897 F.2d 508 (Fed. Cir. 1990)............................................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016).............................................................................................4, 5, 10

*Longitude Licensing v. Apple Inc.*,
  Case No. 14-CV-04257, 2015 U.S. Dist. LEXIS 32066 (N.D. Cal. Mar. 13,
  2015) ...................................................................................................................................9

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005)..........................................................................................3

*Radware, Ltd. v. F5 Networks, Inc.*,
  Case No. 5:13-CV-02024-RMW, 2016 U.S. Dist. LEXIS 112504 (N.D. Cal.
  Aug. 22, 2016) ..................................................................................................................10

*Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*,
  Case No. 12-CV-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012).......................9, 10

*U.S. Ethernet Innovations, LLC v. Netgear, Inc.*,
  Case No. 13-CV-2262 CW, 2013 WL 4112601 (N.D. Cal. Aug. 12, 2013) .......................8, 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)....................................................................................3, 4, 7

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016).........................................................................................4

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
  Case No. 17-CV-03848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017).......................5, 10

**Statutes**

35 U.S.C. § 271(b) ....................................................................................................3, 4

35 U.S.C. § 271(c) ....................................................................................................4, 8

Fed. R. Civ. P. 12(b)(6)................................................................................................2

MOTION TO DISMISS
Case No. 3:18-cv-02245-JD

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Firstface's Complaint fails to provide adequate notice to Apple of the basis for its claims. Firstface alleges direct infringement, induced infringement, contributory infringement, and willful infringement, but pleads none sufficiently.

The direct infringement allegations are deficient because Firstface simply restates the claim language of the asserted patents with no factual allegations as to how the accused products allegedly infringe.  Firstface's claims of direct infringement are akin to those of Form 18, an overturned approach to pleading that this Court noted "produces the usual cryptic and uninformative patent infringement complaints that provide virtually no information to a defendant or reviewing court."  *CAP Co. v. McAfee, Inc.*, Case No. 14-CV-05068-JD, 2015 WL 3945875, at *2 (N.D. Cal. June 26, 2015).

The Complaint also fails to plausibly allege induced infringement, as Firstface has not pleaded sufficient facts to support any inference that Apple has the required specific intent to persuade others to engage in conduct that Apple knows is infringing.  And the Complaint fails to plausibly allege contributory infringement because Firstface has neglected to sufficiently allege that the accused products lack substantial non-infringing uses, much less that Apple knows that they are especially made or adapted for infringement.

The Complaint fails to state a plausible claim for willful infringement.  Firstface has not adequately alleged pre-suit knowledge of the '557 patent—the only patent for which willfulness is asserted—and fails to plead facts to support an inference of egregious conduct by Apple. Firstface's Complaint is similar to those that courts in this district routinely dismiss.   Apple requests that the Court do so here.

### II.      STATEMENT OF FACTS

Firstface's Complaint alleges that Apple directly and indirectly infringes U.S. Patent Nos. 8,831,557 ("the '557 patent"); 9,633,373 ("the '373 patent"); and 9,779,419 ("the '419 patent") (collectively, "the asserted patents").  (Complaint, ¶¶ 10, 24, 37.)  The Complaint also alleges that Apple willfully infringes the '557 patent.  (*Id.*, ¶ 20.)  The Complaint generally defines the

"Accused Products" as "Apple mobile devices" and "Apple smartphones," and alleges that both categories "support fingerprint authentication and Siri functionality." (*Id.*, ¶¶ 10, 24, 37.)

Firstface's direct infringement allegations consist of identical paragraphs for each asserted patent alleging that the "making, using, selling, offering to sell, and/or importing [of] the Accused Products" infringes the asserted patents. (*Id.*, ¶¶ 11, 25, 38.) Firstface then alleges "each of the Accused Products has . . .," followed by a rote recitation of claim elements. (*Id.*, ¶¶ 12, 26, 39.)

Firstface's induced infringement allegations consist of two short paragraphs for each asserted patent alleging that "Apple has specifically intended . . . for persons who acquire and use the Accused Products . . . to use such devices in a manner that infringes" and that "Apple knows . . . that its actions have actively induced . . . infringement." (*Id.*, ¶¶ 15, 16, 29, 30, 42, 43.) The contributory infringement allegations similarly consist of two short paragraphs as to each asserted patent, alleging that "the Accused Products include proprietary hardware components and software instructions that work in concert to perform specific, intended functions" that are "a material part of the inventions of the [asserted] patent and are not staple articles of commerce suitable for substantial non-infringing uses." (*Id.*, ¶¶ 17, 18, 31, 32, 44, 45.)

Firstface's willful infringement allegation consists of a single paragraph, stating that "[d]espite having knowledge of the '557 patent, and knowledge that it is potentially . . . infringing claims of the '557 patent, Apple has nevertheless continued its infringing conduct in an egregious manner." (*Id.*, ¶ 20.) For its allegation of knowledge to support willfulness, Firstface relies on the filing of the Complaint and an offer made to Apple to sell Firstface's patent portfolio. (*Id.*, ¶ 14.) The Complaint makes no statements alleging any other element of willful infringement.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss

Courts must dismiss complaints that "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content

1    that allows the court to draw the reasonable inference that the defendant is liable for the

2    misconduct alleged," based on "more than a sheer possibility that a defendant has acted

3    unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  A court need not accept as true a complaint's

4    "legal conclusions," and should not assume facts not alleged or draw unwarranted inferences.  *Id.*

5    at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6    statements, do not suffice."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### B.    Direct Infringement

8    Courts in this District have interpreted *Iqbal* and *Twombly* to require a complaint alleging

9    direct patent infringement to do more than "simply recit[e] some of the elements of a

10   representative claim and then describe[e] generally how an accused product operates, without

11   specifically tying the operation to any asserted claim." *Atlas IP LLC v. Pacific Gas & Elec. Co.*,

12   Case No. 15-CV-5469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016); *see also Elan*

13   *Microelectronics Corp. v. Apple, Inc.*, Case No. 09-CV-01531 RS, 2009 U.S. Dist. LEXIS 83715,

14   at *4–8 (N.D. Cal. Sept. 14, 2009) (dismissing direct infringement counterclaims accusing

15   products and functionalities in conclusory manner under *Twombly* and *Iqbal*).  Patent cases

16   involving "less tangible inventions such as computer software methods may require a higher

17   degree of specificity to provide proper notice to the defendant." *Anza Tech., Inc. v. D-Link Sys.*,

18   Case No. 3:16-CV-01263-BEN-AGS, 2016 WL 8732647, at *4 (S.D. Cal. Nov. 4, 2016) (internal

19   citation omitted)).

### C.    Induced Infringement

21   A claim of induced infringement under 35 U.S.C. § 271(b) first requires an underlying

22   direct infringement.  *FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, Case No. 15-CV-1058

23   JLS (DHB), 2016 WL 903681, at *5 (S.D. Cal. Feb. 8, 2016) (dismissing indirect infringement

24   claims, noting that "to prevail on an indirect patent infringement claim, the patentee must

25   establish first that there has been direct infringement").  The plaintiff must then show "that the

26   alleged infringer knowingly induced infringement and possessed specific intent to encourage

27   another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420

28   F.3d 1369, 1378 (Fed. Cir. 2005) (quotations and citations omitted); *see also Vita-Mix Corp. v.*

1   *Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (claim for inducement "requires a

2   showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and

3   possessed a specific intent to encourage another's infringement of the patent").   Courts have

4   further held that a critical component of specific intent under Section § 271(b) is proof that an

5   inducer "persuade[d] another to engage in conduct that the inducer knows is infringement."

6   *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011).

### D.   Contributory Infringement

8   Like induced infringement, a claim of contributory infringement under 35 U.S.C. § 271(c)

9   first requires an underlying direct infringement.  *See FootBalance*, 2016 WL 903681, at *5.  The

10  plaintiff is then required to show that the defendant provides a material component of a patented

11  invention, knowledge by the defendant that the component is especially made or especially

12  adapted for use in an infringing combination, and that the component is not a staple or article

13  suitable for substantial non-infringing use.  *See Fujitsu Ltd v. Netgear Inc.*, 620 F.3d 1321, 1326

14  (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)).  Also similar to induced infringement, the accused

15  contributory infringer "must know that the combination for which [its] component was especially

16  designed was both patented and infringing."  *Global-Tech*, 131 S. Ct. at 2067 (internal quotations

17  omitted).

### E.   Willful Infringement

19  The Federal Circuit has consistently held that "[k]nowledge of the patent alleged to be

20  willfully infringed continues to be a prerequisite to enhanced damages."  *WBIP, LLC v. Kohler

21  Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016); *see also Gustafson, Inc. v. Intersystems Indus. Prods.*,

22  Inc., 897 F.2d 508, 510-11 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully'

23  infringed a patent of which the party had no knowledge.").

24  While knowledge is a prerequisite, it is not enough: the Supreme Court held that

25  willfulness must be reserved for "egregious cases of misconduct beyond typical infringement."

26  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016); *see also id.* at 1936 (Breyer,

27  J., concurring) (knowledge of patent "***and nothing more***" does not necessitate enhanced

28  damages) (emphasis in original).  As such, courts in this District grant motions to dismiss willful

infringement claims where the plaintiff fails to plead sufficient, plausible factual allegations of "egregious" conduct. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("[E]ven if [plaintiff] had adequately alleged that [defendant] had pre-suit knowledge of the Asserted Patents, dismissal would also be warranted because the [first amended complaint] does not contain sufficient factual allegations to make it plausible that [defendant] engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*."); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, Case No. 17-CV-03848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017) ("Although [plaintiff] has alleged knowledge and continued infringement, it needs to do more to show that [defendant] has engaged in 'egregious cases of misconduct beyond typical infringement' that could possibly warrant enhanced damages." (quoting *Halo*, 136 S. Ct. at 1935)).

## IV.   ARGUMENT

### A.   The Complaint fails to adequately plead direct infringement.

Firstface's direct infringement claims do not provide proper notice under *Iqbal* and *Twombly*, as they do no more than recite elements of claims and assert generally that Apple practices those claims through a broad category of accused products. *See Atlas IP*, 2016 WL 1719545, at *2. Firstface's allegations relating to the '557 patent accuse "Apple mobile devices that support fingerprint authentication," with a laundry list of Apple devices defined as the "Accused Products." (Complaint, ¶ 10.) Firstface then restates the text of the asserted claims, leaving Apple to speculate as to the specific grounds on which Firstface's allegations rest. (*Id.*, ¶ 12.) In a representative example, asserted claim 1 of the '557 patent requires "a user identification unit . . . [that] perform[s] simultaneously with switching from the inactive state of the display unit to the active state . . . the user identification function includ[ing] a fingerprint recognition." ('557 patent, claim 1, 12:46-53.) In the Complaint, Firstface repeats this element, alleging that "[e]ach of the Accused Products also contains a user identification unit that uses fingerprint recognition to identify the user simultaneously with switching the display from the off state to the on state." (Complaint, ¶ 12.) The Complaint does not link those claim requirements to the actual functionality or components of the accused products. This is insufficient to provide

1    notice under Rule 12.  *See Atlas IP*, 2016 WL 1719545, at *1 (finding direct infringement

2    allegations insufficient where "[t]he Complaint describes the operations of the accused products,

3    but does not specifically link this description to claim 1 of the [asserted] Patent.").

4         Firstface similarly directs its allegations for the '373 and '419 patents broadly to "Apple

5    mobile devices that support fingerprint authentication and Siri functionality," with the same

6    Apple devices as "Accused Products," and "Apple smartphones that support fingerprint

7    authentication and Siri functionality" as a subset of the same mobile devices.  (Complaint, ¶¶ 24,

8    37.)  Firstface again merely restates the claim language of the asserted claims in prose-style,

9    without linking the asserted claim requirements to the accused instrumentalities.  (*Id*., ¶¶ 26, 39.)

10   Asserted claim 1 of the '373 patent requires, for instance, "upon one-time pressing of the

11   activation button while the touch screen display is turned off, the terminal is configured to turn on

12   the touch screen display and further perform . . . the first . . . function[] . . . such that: a lock

13   screen is displayed on the touch screen display . . . when at least . . . the first . . . function[] is

14   being performed."  ('373 patent, claim 1, 13:7-31.)  In the Complaint, Firstface again repeats the

15   claim language to allege that "[u]pon pressing of the activation button . . . each Accused Product

16   is configured to turn on the touch screen display and perform fingerprint authentication (a first

17   function).  A lock screen is displayed on the touch screen display while the fingerprint

18   authentication is performed."  (Complaint, ¶ 26.)  This falls far short of the pleading requirements

19   set forth by *Iqbal* and *Twombly*, and fails to put Apple on notice as to how it allegedly infringes

20   the asserted patents.  *See Atlas IP*, 2016 WL 1719545, at *3.

21        The asserted patents also claim the type of "less tangible inventions such as computer

22   software methods" that courts have found require a higher level of specificity to provide proper

23   notice to the alleged infringer, underscoring the insufficiency of Firstface's allegations.  *Anza*

24   *Tech., Inc.*, 2016 WL 8732647, at *4.  Firstface's direct infringement claims should be dismissed.

**B.    The Complaint fails to plausibly allege specific intent and knowledge for induced infringement.**

27        As an initial matter, Firstface has failed to adequately plead direct infringement rendering

28   its induced infringement claims necessarily insufficient.  *See FootBalance*, 2016 WL 903681, at

1   *5.  Firstface also fails to allege facts that would allow the Court to draw the reasonable inference

2   that Apple had any knowledge of alleged third-party infringement or the specific intent to induce

3   such infringement, as *Twombly* requires.  *See Twombly*, 550 U.S. at 556; *see also Vita-Mix Corp.*,

4   581 F.3d at 1328 (claim for inducement requires specific intent to encourage third-party conduct

5   known to be infringing).

6           The entirety of Firstface's allegation of intent consists of an identical statement for each

7   asserted patent that "Apple has provided . . . instructional materials, such as user guides, owner

8   manuals, and similar online resources" to "customers and other end users."  (Complaint, ¶¶ 16,

9   30, 43.)   As this Court has held, however, "passing references to 'user manuals guides, and

10  support articles,' without ever saying what those materials contain, [] is wholly inadequate for an

11  inference of specific intent."   *CAP Co.*, 2015 WL 3945875, at *5 (dismissing induced

12  infringement claims for failure to allege facts allowing inference of specific intent).  Firstface's

13  induced infringement claims fail because the Complaint does not plausibly allege that Apple

14  possesses the "require[d] intent to 'bring about the desired result.'"  *Commil USA, LLC v. Cisco*

15  *Sys.*, 135 S. Ct. 1920, 1928 (2015); *see also DSU Med. Corp. v. JMS Co., Ltd.,* 471 F. 3d 1293,

16  1306 (Fed. Cir. 2006) ("[I]nducement requires evidence of culpable conduct, directed to

17  encouraging another's infringement, not merely that the inducer had knowledge of the direct

18  infringer's activities.").

19          Firstface's induced infringement claims further fail because the Complaint does not plead

20  facts that give rise to a plausible inference that Apple knew that any acts it purportedly induced

21  constituted patent infringement.  *See Global-Tech*, 131 S. Ct. at 2065.  Firstface includes a single

22  statement as to each asserted patent that "Apple knows . . . that its actions have actively induced .

23  . . infringement."  (Complaint, ¶¶ 16, 30, 43.)  But this is a legal conclusion, not a statement of

24  fact, and as such is accorded no weight in evaluating the sufficiency of pleadings.  *Iqbal*, 556 U.S.

25  at 679.  The Complaint contains no facts describing what acts Apple allegedly induced and what

26  Apple knew about those acts.  The Complaint fails to plausibly allege that Apple persuaded others

27  to engage in conduct that Apple "knows is infringement."  *See Global-Tech*, 131 S. Ct. at 2065;

28  *see also Iqbal*, 556 U.S. at 679.

1    Because Firstface has not alleged facts that plausibly support an inference that Apple

2    knew of third-party infringement and specifically intended others to infringe the asserted patents,

3    the claims of induced infringement should be dismissed.

### C. The Complaint fails to plausibly allege a lack of substantial noninfringing use and knowledge for contributory infringement.

6    Firstface has again failed to adequately plead direct infringement, a prerequisite for its

7    contributory infringement claims.  *See FootBalance*, 2016 WL 903681, at *5.  Firstface also fails

8    to plead any facts to support that the accused product components have no substantial non-

9    infringing uses, as required for contributory infringement.  *See Fujitsu Ltd.*, 620 F.3d at 1326; *see

10   also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed.

11   Cir. 2012) (plaintiff must "plead facts that allow an inference that the components sold or offered

12   for sale have no substantial non-infringing uses.")   Rather, Firstface offers only a single

13   conclusory statement as to each asserted patent, that "the Accused Products . . . are not staple

14   articles of commerce suitable for substantial non-infringing uses."[1]  (Complaint, ¶¶ 17, 31, 44.)

15   This is nothing but a bare legal conclusion "[t]hat does not come close to an adequate factual

16   allegation."  *CAP Co.*, 2015 WL 3945875, at *6 (dismissing contributory infringement claims

17   where plaintiff alleged "accused products 'have no use other than infringing one or more claims

18   of the Patents–in–Suit'"); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and

19   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").  Courts

20   have also found that allegations such as Firstface's, that "Apple has provided . . . instructional

21   materials . . . that specifically teach and encourage customers and other end users to use the

22   Accused Products in an infringing manner," actually suggest the opposite—that the accused

23   products can be used in a noninfringing manner if customers deviate from the alleged

24   instructions.  *See U.S. Ethernet Innovations, LLC v. Netgear, Inc.*, Case No. 13-CV-2262 CW,

---

26   [1] Firstface also appears to apply an incorrect legal standard, stating that the alleged infringing
27   **combinations** have no substantial non-infringing uses, not that accused **components** supplied by
     Apple have no substantial non-infringing uses.  *See Fujitsu Ltd.*, 620 F.3d at 1326 (35 U.S.C. §
28   271(c) requires that "the **component** has no substantial noninfringing uses.") (emphasis added).

2013 WL 4112601, at *3 (N.D. Cal. Aug. 12, 2013) (granting motion to dismiss contributory infringement claims where plaintiff's "allegation that the products infringe if used in accordance with [defendant's] instructions implies that the products can be used in a non-infringing manner if used in a way that deviates from those instructions").

Firstface further fails to allege any facts that would allow the Court to draw the reasonable inference that Apple "knew that the combination for which its components were especially made was both patented and infringing," which is independently fatal to its claims. *See Global-Tech*, 131 S. Ct. at 2067. As to each asserted patent, Firstface merely alleges the boilerplate conclusion that "each Accused Product contains memory and a processor that are specifically programmed and/or configured to implement the functionality described . . . which infringes the [asserted] patent." (Complaint, ¶¶ 18, 32, 45.) Firstface's conclusory statements are not facts from which a legal conclusion can be inferred—they are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which do not suffice. *See Iqbal*, 556 U.S. at 678. Firstface's claims of contributory infringement should be dismissed.

> ### D. The Complaint fails to plausibly allege knowledge and egregious conduct for willful infringement of the '557 patent.

Firstface accuses Apple of willfully infringing the '557 patent, but its only factual allegation of pre-suit knowledge is in the form of an offer made by Firstface in 2015 to license its patent ***portfolio*** to Apple. (Complaint, ¶ 14.) That is not enough to establish actual knowledge of the '557 patent. *See Longitude Licensing v. Apple Inc.*, Case No. 14-CV-04257, 2015 U.S. Dist. LEXIS 32066, at *5-8 (N.D. Cal. Mar. 13, 2015) (granting motion to dismiss willful infringement claim where allegation of general pre-suit knowledge of plaintiff's patent portfolio was insufficient to plead pre-suit knowledge of specific patents-in-suit); *see also Finjan, Inc.*, 2017 WL 2462423, at *5 (same). Firstface's resulting statement of belief that "Apple reviewed the claims of the '557 patent" (Complaint, ¶ 20) is facially unsupported in light of its allegation that Apple was informed only of Firstface's patent portfolio generally and does "not offer[] any evidentiary details whatsoever" necessary to support willfulness. *See Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*, Case No. 12-CV-00068 JW, 2012 WL 2803617, at *3 (N.D.

1   Cal. July 10, 2012).

2          Firstface's willfulness claim also fails because it does not allege any facts from which a

3   plausible inference could be reached that Apple has engaged in egregious conduct.  *See Finjan,*

4   *Inc.*, 2017 WL 2462423, at *5.  In fact, Firstface does not allege ***any*** facts about Apple's conduct

5   with respect to the '557 patent, or its subjective intent, that would suggest that Apple acted

6   "egregiously" with respect to any alleged infringement of the asserted patent.  Instead, Firstface

7   makes the single conclusory assertion that "[d]espite having knowledge of the '557 patent . . .

8   Apple has nevertheless continued its infringing conduct in an egregious manner."  (Complaint, ¶

9   20.)  Such an assertion is not enough.  *See XpertUniverse*, 2017 WL 4551519, at *6.

10  Accordingly, Firstface's allegation of willful infringement should be dismissed.

11         Firstface's willfulness allegation should be dismissed with prejudice.  Firstface has not

12  plausibly alleged—and cannot plausibly allege—that Apple had any pre-suit knowledge of the

13  '557 patent, something courts in this district continue to require.  *See Radware, Ltd. v. F5*

14  *Networks, Inc.*, Case No. 5:13-CV-02024-RMW, 2016 U.S. Dist. LEXIS 112504, at*20-21 (N.D.

15  Cal. Aug. 22, 2016) (finding evidence of pre-suit knowledge insufficient to support willfulness,

16  and noting that "post-complaint conduct is of limited relevance" as *Halo* did not change this

17  principle).  As noted above, Firstface has exhausted its factual allegations of knowledge as to the

18  '557 patent, and they are lacking.  Firstface's failure to allege any egregious conduct by Apple

19  also cannot be cured by amendment, as there are no circumstances to allege in this case "beyond

20  typical infringement."  *XpertUniverse*, 2017 WL 4551519, at *6; *see also CG Tech. Dev., LLC v.*

21  *FanDuel, Inc.*, Case No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572, at *6 (D. Nev. Jan. 4,

22  2017) (dismissing willful infringement claim with prejudice for failure to allege "egregious

23  misconduct occurring before the initial claim of infringement was filed," noting that analysis as to

24  timing of allegations remains valid post-*Halo*) (internal quotations and citations omitted).  "There

25  would be little point in these limitations if they could be avoided simply by filing an amended

26  complaint."  *CAP Co.*, 2015 WL 3945875, at *3 (granting motion to dismiss willful infringement

27  claim without leave to amend where plaintiff did not allege that defendants knew about asserted

28  patents prior to the filing of suit).  Accordingly, Firstface's claim of willfulness should be

1   dismissed without leave to amend.

2   **V.      CONCLUSION**

3         As Firstface's direct, indirect, and willful infringement allegations lack requisite factual

4   content to plausibly state a claim for relief, Apple requests that Firstface's Complaint be

5   dismissed.

6   Dated: July 24, 2018                        MORRISON & FOERSTER LLP

7                                         By:   _/s/ Stefani E. Shanberg_
                                                Stefani E. Shanberg
8
                                                Attorney for Defendant
9                                               APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28