STEFANI E. SHANBERG (State Bar No. 206717)
sshanberg@mofo.com
NATHAN B. SABRI (State Bar No. 252216)
nsabri@mofo.com
MADELEINE E. GULLY (State Bar No. 263120)
mgully@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRSTFACE CO., LTD.,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.   3:18-cv-02245-JD<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FIRSTFACE CO., LTD.'S COMPLAINT**<br><br>Date: August 30, 2018<br>Time: 10:00 a.m.<br>Courtroom: 11<br>Before: Hon. James Donato |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ............................................................................................................ 1

II. LEGAL STANDARD .................................................................................................... 1

III. ARGUMENT .................................................................................................................. 2

   A.  Firstface's direct infringement allegations fail to explain how the accused products meet the asserted claim limitations. ............................................................................... 2

   B.  Firstface's induced infringement allegations are conclusory and should be accorded no weight in evaluating the sufficiency of the Complaint. ......................................... 3

   C.  Firstface's contributory infringement allegations are conclusory and should be accorded no weight in evaluating the sufficiency of the Complaint. ................................. 5

   D.  Firstface provides no facts to support pre-suit knowledge of the '557 patent and admits its willful infringement allegation is based solely on such alleged knowledge. ........................ 6

IV. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anza Tech, Inc. v. D-Link Systems*,
   Case No. 3:16-cv-01263-BEN-AGS, 2016 U.S. Dist. LEXIS 154378 (S.D. Cal.
   Nov. 4, 2016) ................................................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................. 1, 4, 5, 6

*Atlas IP LLC v. Pacific Gas & Electric Co.*,
   No. 15-cv-05469-EDL, 2016 U.S. Dist. LEXIS 60211 (N.D. Cal. Mar. 9,
   2016) ................................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ 5

*CAP Co., Ltd. v. McAfee, Inc.*,
   Nos. 14-cv-05068-JD; 14-cv-05071-JD, 2015 WL 3945875 (N.D. Cal. June
   26, 2015) ...................................................................................................................... 4, 5

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
   Case No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572 (D. Nev. Jan. 4, 2017) ............... 7

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ...................................................................................... 3

*Erickson v. Pardus*,
   551 U.S. 89 (2007) .......................................................................................................... 1

*Finjan, Inc. v. Cisco Sys. Inc.*,
   Case No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ............... 6, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................. 6, 7

*Longitude Licensing v. Apple Inc.*,
   Case No. 14-CV-04257, 2015 U.S. Dist. LEXIS 32066 (N.D. Cal. Mar. 13,
   2015) ................................................................................................................................ 6

*U.S. Ethernet Innovations, LLC v. Netgear, Inc.*,
   Case No. 13-CV-2262 CW, 2013 WL 4112601 (N.D. Cal. Aug. 12, 2013) ................... 5

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ...................................................................................... 5

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   Case No. 17-CV-03848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017) ................ 6, 7

## I.  INTRODUCTION

In its Opposition, (Dkt. No. 41) ("Opposition" or "Opp."), Plaintiff Firstface Co., Ltd. ("Firstface") doubles down on the conclusory statements made in the Original Complaint (Dkt. 1) ("Complaint"), alleging that such incomplete and rote recitations of claim language and legal standards meet the relevant pleading standard. They do not. Consistent with Federal Circuit precedent, courts in the Northern District of California require that complaints alleging patent infringement must sufficiently link the functionality or components of the accused products to the asserted claim limitations to satisfy the relevant pleading standard. Rather than doing so, however, Firstface alleges the presence of only two claim elements within Defendant Apple Inc.'s ("Apple") accused devices—failing to address the rest of the limitations. Firstface also admits that its claim of willful infringement is predicated upon nothing more than its alleged offer to sell or license Firstface's patent portfolio generally. Like the Supreme Court and Federal Circuit, courts in this District have held that this is not enough. Neither the Complaint nor the Opposition provides any factual allegations to support an inference of egregious conduct by Apple. Apple requests that the Court dismiss all claims for direct, indirect, and willful infringement, as insufficiently pleaded in the Complaint.

## II.  LEGAL STANDARD

Firstface attempts to dilute the applicable standard—which requires Firstface to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—by citing an inapposite case. Opp. at 4; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Firstface argues that "[s]pecific facts are not necessary." Opp. at 4 (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). *Erickson*, however, involved a *pro se* litigant, and the Supreme Court's analysis was driven by its previous dicta that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Firstface is not a *pro se* litigant; Firstface must be held to the proper pleading standard. *See* Motion to Dismiss (Dkt. No. 36) ("Motion" or "Mot.") at 2-3.

## III. ARGUMENT

### A. Firstface's direct infringement allegations fail to explain how the accused products meet the asserted claim limitations.

Firstface argues that it "described how each accused product meets the limitations of the claims" and "has identified specific claims of each specific patent, has listed the accused products for each patent, and has described how each accused product meets the limitations of the claims." Opp. at 5. Review of the Complaint demonstrates the contrary. Firstface goes on to challenge Apple in its Opposition to "point[] to any claim limitations that are not covered by Firstface's allegations." Opp. at 6. There are several.

Firstface leaves myriad claim elements of the '557 patent unaddressed. For example, Firstface asserts in a conclusory manner that the accused products contain a "user identification unit," but makes no attempt to identify the component(s) of the accused products that supposedly do so. Complaint, ¶ 12. Firstface also fails to identify what accused functionalities allegedly satisfy the limitations of "operat[ing] a user identification function" or "the user identification function [being] performed simultaneously with switching from the inactive state . . . to the active state." *See id.*; *see also* Mot. at 5; '557 patent, claim 1, 12:42-50.

Firstface similarly fails to identify which component(s) of the accused products satisfy several elements of the '419 and '373 patents, such as the claimed "lock screen" or "lock state." *See* Complaint, ¶¶ 26, 39. Firstface fails to identify what accused functionalities allegedly satisfy the limitations requiring "one-time pressing of the activation button while the touch screen display is turned off, the terminal is configured to turn on the touch screen display and perform a fingerprint authentication," that "the terminal [have] a first function and a second function to perform in response to user input via the activation button and is configured to provide user settings for configuring at least one of the first and second functions," or that "the first and second functions are different from each other and selected from the group consisting of fingerprint authentication, activating the camera, and an operation that involves playing music." *See id.*, *see also* Mot. at 6; '419 patent, claim 1, 12:54-13:17; '373 patent, claim 1, certificate of correction, 12:53-13:31. Aside from the Complaint's identification of the "home button" and "Siri

functionality" within the accused products as allegedly satisfying the claimed "activation button" and "hands-free operation" elements of the asserted claims, Firstface's allegations of direct infringement consist entirely of repeated claim language untethered from any component or functionality of the accused products. *See* Opp. at 5-6; Mot. at 5-6. The failures in *Atlas* are the same as the failures here. *See Atlas IP LLC v. Pacific Gas & Electric Co.*, No. 15-cv-05469-EDL, 2016 U.S. Dist. LEXIS 60211, at *2 (N.D. Cal. Mar. 9, 2016) (dismissing direct infringement allegations where complaint "recite[d] only some of the elements of the sole asserted claim," and "entirely failed to address certain claim limitations").

Despite acknowledging the requirements of *Atlas*, Firstface argues that this case is more like *Disc Disease Solutions*, in which the Federal Circuit found sufficient the identification of accused products by name and photos. Opp. at 5, 7 (citing *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1258-1259 (Fed. Cir. 2018)). As that Court explained, *Disc Disease Solutions* "involve[d] a simple technology," as the asserted patents consisted of only four claims relating to inflatable back support bands. *Disc Disease*, 888 F.3d at 1259. There, the complaint identified only three accused products—called out by name, product model number, and by photographs of the products themselves advertising the allegedly infringing elements of the accused back support bands. In contrast, Firstface asserts 28 patent claims—covering what Firstface describes as "increasingly complex devices" (Opp. at 2)—and identifies only broad categories of accused products by marketing names rather than specific model numbers, making no attempt at further identification through photographs or otherwise. *See* Complaint, ¶¶ 10, 24, 37. Firstface failed to link the asserted claim limitations to the actual functionality or components of the accused products with any level of specificity, much less that befitting the technology at issue in this case, defeating proper notice under Rule 12. *See Atlas*, 2016 WL 1719545, at *1; *Anza Tech, Inc. v. D-Link Systems*, Case No. 3:16-cv-01263-BEN-AGS, 2016 U.S. Dist. LEXIS 154378, at *11-12 (S.D. Cal. Nov. 4, 2016).

### B. Firstface's induced infringement allegations are conclusory and should be accorded no weight in evaluating the sufficiency of the Complaint.

Firstface does not dispute that the entirety of support for its claims of induced

infringement is contained in two repeated and conclusory statements.  *See* Opp. at 7-8; Mot. at 2, 7.  Critically absent from either of these statements are facts giving rise to a plausible inference that Apple knew that any acts it purportedly induced constituted patent infringement.  Instead, Firstface recites legal conclusions that are accorded no weight in evaluating the sufficiency of pleadings.  *See Iqbal*, 556 U.S. at 679 (holding that a court need not accept as true a complaint's "legal conclusions").  Firstface alleges that "Apple has specifically intended, and continues to specifically intend, for persons who acquire and use the Accused Products, including its customers, to use such devices in a manner that infringes the [asserted] patent."  Complaint, ¶¶ 15, 29, 42.  Firstface continues alleging that "Apple knows (and has known), or should know (and should have known), that its actions have actively induced, and continue to actively induce, infringement").  *Id.*, ¶¶ 16, 30, 43.  These statements are insufficient to plausibly allege "what acts defendants allegedly induced and what defendants knew about those acts."  *See CAP Co., Ltd. v. McAfee, Inc.*, Nos. 14-cv-05068-JD; 14-cv-05071-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015); *see also Iqbal*, 556 U.S. at 679.

The two statements lack any factual allegations sufficient to support an inference of specific intent to induce infringement.  The only fact alleged, that "Apple has provided . . . instructional materials, such as user guides, owner manuals, and similar online resources," is nearly identical to allegations this Court has found insufficient.  *See* Opp. at 7-8 (citing Complaint, ¶¶ 16, 30, 43); Mot. at 7.  This Court has explained that although "the patentee need not cite statements from the accused infringer specifically instructing the direct infringer 'to perform all of the steps of the patented method,'" an allegation of induced infringement is insufficient if it "fails to allege any statements by [defendants] at all."  *CAP Co.*, 2015 WL 3945875, at *5.  The allegations to which Firstface points in its Opposition, as in *CAP Co.*, do not include any statements made by Apple at all.  *See* Opp. at 8.  Firstface's argument that the Complaint alleges "how Apple makes its instructional materials available" is irrelevant.  Opp. at 8; *see CAP Co.*, 2015 WL 3945875, at *5 (explaining what is relevant to analysis, including, for example, what materials contain).  Firstface's failure to allege facts that would allow the Court to draw the reasonable inference that Apple had any knowledge of alleged third-party infringement

1 or specific intent to induce such infringement necessitates dismissal of its induced infringement
2 claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Vita-Mix Corp. v.*
3 *Basic Holdings, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

      **C.**    **Firstface's contributory infringement allegations are conclusory and should be accorded no weight in evaluating the sufficiency of the Complaint.**

6       Firstface again points to the purported "full scope" of its allegations, but also again relies
7 solely on the same paragraphs that Apple already demonstrated are insufficient. *See* Opp. at 8-9;
8 Mot. at 2, 8-9. Like its allegations regarding induced infringement, Firstface's contributory
9 infringement allegations are nothing but bare legal conclusions "[t]hat do[] not come close to an
10 adequate factual allegation." *CAP Co.*, 2015 WL 3945875, at *6. Firstface's allegations that
11 "Apple knows, and has known, that the Accused Products include proprietary hardware
12 components and software instructions that work in concert to perform specific, intended
13 functions" and that "each Accused Product contains memory and a processor that are specifically
14 programmed and/or configured to implement the functionality described . . . which infringes the
15 [asserted] patent" merely state legal conclusions, not specific facts from which the alleged
16 conduct can be inferred. *See* Opp. at 9; *Iqbal*, 556 U.S. at 678.

17       Firstface also undermines its own allegations. *See* Opp. at 10 (citing Fed. R. Civ. P.
18 8(d)(3)) ("[E]ven if Firstface's induced-infringement claims are inconsistent with Firstface's
19 contributory-infringement claims, the Federal Rules of Civil Procedure explicitly allow a party to
20 state inconsistent claims."). The Federal Rules of Civil Procedure allow the pleading of
21 inconsistent claims, not inconsistent facts, as Firstface has done. *See* Mot. at 8-9 (citing *U.S.*
22 *Ethernet Innovations, LLC v. Netgear, Inc.*, Case No. 13-CV-2262 CW, 2013 WL 4112601, at *3
23 (N.D. Cal. Aug. 12, 2013) (finding factual allegation that "products infringe if used in accordance
24 with [defendant's] instructions" defeats an inference that products "have no substantial non-
25 infringing uses")). Just as in *U.S. Ethernet*, by alleging that Apple customers are instructed to use
26 the accused products in an infringing manner, Firstface belies its own claim that the products
27 have no substantial noninfringing uses. *See* Mot. at 8-9. Firstface's conclusory allegations of
28 knowledge of infringement, accompanied by factual allegations that support a finding of

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 3:18-cv-02245-JD

5

1 substantial noninfringing uses, necessitate dismissal of its claims for contributory infringement.
2 *See Iqbal*, 556 U.S. at 678.

### D. Firstface provides no facts to support pre-suit knowledge of the '557 patent and admits its willful infringement allegation is based solely on such alleged knowledge.

In its Opposition, Firstface does nothing to distinguish the long line of cases from this District holding that factual allegations regarding knowledge of a patent portfolio generally do not equate to actual knowledge of specifically asserted patents. *See* Opp. at 11; Mot. 9-10. Firstface merely repeats the same factual allegation from its Complaint—that it presented Apple with an opportunity to purchase or license its patent portfolio—along with the same unsupported conclusion that Apple learned of the '557 patent claims at that time. *See* Opp. at 11. As the case law in Apple's Motion demonstrates, and the Opposition fails to rebut, that is not enough. *See Longitude Licensing v. Apple Inc.*, Case No. 14-CV-04257, 2015 U.S. Dist. LEXIS 32066, at *5-8 (N.D. Cal. Mar. 13, 2015).

Firstface concedes that courts in this District require a plaintiff to allege egregious conduct to support a claim for willful infringement. Opp. at 11 n.6. Firstface cannot dispute that it has failed to meet that standard; instead, it argues that the courts in this District have it wrong. *Id*. Firstface cites nothing that would compel this Court to deviate from the standard of *Halo*, as applied in this District, that knowledge of an asserted patent "*and nothing more*" does not support a finding of willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (Breyer, J., concurring) (2016) (emphasis in original); *see also id*. at 1935 (holding that willfulness must be reserved for "egregious cases of misconduct beyond typical infringement"); *Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, Case No. 17-CV-03848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017).

Knowledge of the '557 patent claims is all that Firstface alleges, falling far short of the standard required by the Supreme Court and applied in this District. *See* Complaint, ¶¶ 14, 20. Firstface admits that its allegation of knowledge is the sole basis for its willfulness claim. Opp. at 12 ("Firstface alleged that Apple learned of the '557 patent three years before filing suit,

reviewed the claims, yet continued to manufacture and sell infringing products. . . . The allegations thus support the conclusion that Apple engaged in conduct that was 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'"); *see also id*. at 1, 11, 13; *see Halo*, 136 S. Ct. at 1935 (holding that willfulness must be reserved for "egregious cases of misconduct beyond typical infringement"); *Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, Case No. 17-CV-03848-RS, 2017 WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017). Firstface's willfulness claim fails because it does not allege any facts from which a plausible inference could be reached that Apple has engaged in egregious conduct.

Finally, Firstface opaquely contends that, if given the chance, it is "willing to add additional allegations to its Complaint regarding how Apple obtained knowledge of the '557 patent," but Firstface offers nothing to remedy its failure to allege egregious conduct by Apple. *See* Opp. at 12. Nor does Firstface respond to the cases establishing the irrelevance of post-complaint conduct on claims of willfulness. *See id*. Any effort by Firstface to support a plausible claim for willful infringement of the '557 patent would be futile and, as such, Firstface should be denied leave to amend its willfulness allegations. *See CG Tech. Dev., LLC v. FanDuel, Inc.*, Case No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017) (dismissing willful infringement claim without leave to amend for failure to allege "egregious misconduct occurring before the initial claim of infringement was filed").

## IV.    CONCLUSION

Because Firstface fails to state a plausible claim for relief of direct, indirect, and willful infringement, Apple requests that Firstface's Complaint be dismissed.

1  Dated: August 14, 2018               MORRISON & FOERSTER LLP

2                                       By:   */s/ Stefani E. Shanberg*
                                              Stefani E. Shanberg
3
                                        Attorney for Defendant
4                                       APPLE INC.