Edward R. Nelson III (*Admitted Pro Hac Vice*)
Texas Bar No. 00797142
Thomas C. Cecil (*Admitted Pro Hac Vice*)
Texas Bar No. 24069489
Christopher G. Granaghan (*Admitted Pro Hac Vice*)
Texas Bar No. 24078585
ed@nbafirm.com
tom@nbafirm.com
chris@nbafirm.com
NELSON BUMGARDNER ALBRITTON P.C.
3131 West Seventh Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

Christopher D. Banys  (SBN 230038)
Richard C. Lin  (SBN 209233)
Jennifer L. Gilbert  (SBN 255820)
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

Attorneys for Plaintiff
FIRSTFACE CO., LTD.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTFACE CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | CASE NO. 3:18-cv-02243-JD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. James Donato |
| FIRSTFACE CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 3:18-cv-02245-JD |

1.     PURPOSES AND LIMITATIONS

(a)     Protected Material designated under the terms of this Stipulated Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.     DEFINITIONS

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel.

(c)     "Patents-in-suit" means U.S. Patent Nos. 8,831,557; 9,633,373; and/or 9,779,419, and any other patent asserted in this action.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.  <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.  <u>SCOPE</u>

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all

copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Stipulated Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     <u>DURATION</u>

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

(a)     <u>Basic Principles</u>.  Absent consent from the Producing Party, all Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives access to technical information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the subject matter of this action, including without limitation the

1    patents asserted in this action and any patent or application claiming priority to or otherwise related to the

2    patents asserted in this action, before any foreign or domestic agency, including the United States Patent

3    and Trademark Office ("the Patent Office"); and (ii) the acquisition of patents (including patent

4    applications), or the rights to any such patents or patent applications with the right to sublicense, relating

5    to the same. These prohibitions are not intended to and shall not preclude counsel from participating in

6    proceedings regarding the validity of any patent, including reexamination, inter partes review, covered

7    business method review, or reissue proceedings, provided that any Person that accesses "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

9    technical information is not involved, directly or indirectly, with the amendment of claims in any such

10   proceedings.    These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" technical materials

12   is first received by the affected individual, and shall end two (2) years after the final resolution of this

13   action, including all appeals.  For the avoidance of doubt, mere association with, partnership with, or

14   employment by the same law firm as others who have received access to Protected Material shall not,

15   without more, be deemed as "receiving access to" Protected Material under the meaning of this Paragraph.

16         (c)     <u>Secure Storage, No Export</u>. Absent consent from the Producing Party, Protected Material

17   must be stored and maintained by a Receiving Party at a location in the United States and in a secure

18   manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance

19   with applicable United States Export Administration Regulations, Protected Material may not be exported

20   outside the United States or released to any foreign national (even if within the United States), absent

21   consent from the Producing Party.   A Producing Party shall not unreasonably withhold consent to

22   exportation of Protected Material outside of the United States or the release of Protected Material to a

23   foreign national.  By way of example, reasonable reasons to withhold consent may be due to particularly

24   sensitive Protected Material; a concern about a particular jurisdiction; or a concern about a particular

25   individual.  For the avoidance of doubt, a permanent resident of the United States is not a "foreign national"

26   for the purposes of this Stipulated Protective Order.  This paragraph applies solely in *Firstface Co., Ltd. v.*

27   *Apple Inc.*, Case No. 3:18-cv-02245-JD (N.D. Cal.).

28

1     (d)   <u>Legal Advice Based on Protected Material</u>. Nothing in this Stipulated Protective Order shall

2 be construed to prevent counsel from advising their clients with respect to this case based in whole or in

3 part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as

4 provided in this Order.

5     (e)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or

6 disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or

7 disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through

8 no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party

9 independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing

10 Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by

11 inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

12 7.  <u>DESIGNATING PROTECTED MATERIAL</u>

13     (a)   <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any

14 of the following designations, provided that it meets the requirements for such designations as provided

15 for herein:  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

16 "HIGHLY CONFIDENTIAL – SOURCE CODE."

17     (b)   <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents

18 (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34),

19 and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a)

20 may be so designated by placing the appropriate designation on every page of the written material prior to

21 production.  For digital files being produced, the Producing Party may mark each viewable page or image

22 with the appropriate designation, and mark the medium, container, and/or communication in which the

23 digital files were contained.  In the event that original documents are produced for inspection, the original

24 documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the

25 inspection and re-designated, as appropriate during the copying process.

26     (c)   Native Files.  Where electronic files and documents are produced in native electronic

27 format, such electronic files and documents shall be designated for protection under this Order by

28

appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a modified version of any document produced in native file format without first providing a copy of the modified version, with a bates number different than the bates number assigned to the document produced in native file format, to the Producing Party so that the Producing Party is placed on notice of, and can review, the modification(s) or alteration(s).

(d)     Depositions and Testimony.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulated Protective Order.  In such cases the court reporter shall be informed of this Stipulated Protective Order and shall be required to operate in a manner consistent with this Stipulated Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and the protected portions are not to be viewed or the protected contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulated Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party

1  shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the

2  reporter and videographer (if any), any person who is not authorized by this Stipulated Protective Order

3  to receive or access Protected Material based on the designation of such Protected Material.  Such right

4  of exclusion shall be applicable only during periods of examination or testimony regarding such

5  Protected Material.

6  8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

7        (a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains

8  or reflects confidential, proprietary, and/or commercially sensitive information.

9        (b)    Unless    otherwise    ordered    by    the    Court,    Discovery    Material    designated    as

10  "CONFIDENTIAL" may be disclosed only to the following:

11              (i)        The Receiving Party's Outside Counsel, such counsel's paralegals and staff, and any

12  copying or clerical litigation support services working at the direction of such counsel, paralegals, and

13  staff;

14              (ii)        Not more than three (3) representatives of the Receiving Party who are officers or

15  employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party,

16  as well as their paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that

17  each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of

18  Exhibit A;

19              (iii)        Any outside expert or consultant retained by the Receiving Party to assist in this

20  action and such outside expert's or consultant's staff, provided that disclosure is only to the extent

21  necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound

22  by the provisions of the Stipulated Protective Order by signing a copy of Exhibit A; (b) such expert or

23  consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor

24  anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor

25  of a Party; (c) absent consent under paragraph 6(c), such expert or consultant accesses the materials in the

26  United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no

27

28

unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph **Error! Reference source not found.** below;

      (iv)       Court reporters, stenographers and videographers retained to record testimony taken in this action;

      (v)       The Court, jury, and court personnel;

      (vi)       Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of Exhibit A;

      (vii)       Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

      (viii)       Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order; and

      (ix)       Any other person with the prior written consent of the Producing Party.

9.    <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

    (a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

    (b)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

1        (i)      The Receiving Party's Outside Counsel, and such Outside Counsel's paralegals and

2 staff, and any copying or clerical litigation support services working at the direction of such counsel,

3 paralegals, and staff;

4        (ii)     Any outside expert or consultant retained by the Receiving Party to assist in this

5 action and such outside expert's or consultant's staff, provided that disclosure is only to the extent

6 necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound

7 by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is

8 not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the

9 time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c)

10 such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United*

11 *States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) absent

12 consent under paragraph 6(c), such expert or consultant accesses the materials in the United States only,

13 and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved

14 objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph

15 **Error! Reference source not found.** below;

16       (iii)    Court reporters, stenographers and videographers retained to record testimony taken

17 in this action;

18       (iv)    The Court, jury, and court personnel;

19       (v)     Graphics, translation, design, and/or trial consulting personnel, having first agreed

20 to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

21       (vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their

22 agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order;

23 and

24       (vii)    Any other person with the prior written consent of the Producing Party.

25 10.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE

26       CODE"

27

28

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL –SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Paragraph **Error! Reference source not found.** below, and may be disclosed, subject to Paragraph **Error! Reference source not found.** below, solely to:

(i)     The Receiving Party's Outside Counsel, and such Outside Counsel's  paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) absent consent under paragraph 6(c), such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph **Error! Reference source not found.** below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

11.     DISCLOSURE AND REVIEW OF SOURCE CODE

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the office of its outside counsel or any other location mutually agreed by the Parties. Any Source Code that is produced by Defendant will be made available for inspection in electronic format at the office of its outside counsel or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide seven (7) days notice prior to any additional inspections.

(c)     Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing the code produced on the platform

produced, and tools sufficient for searching the code if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the Producing Party approves such software tools, and such approval shall not be unreasonably withheld.  The Receiving Party must provide the Producing Party with such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)   No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)   The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)   No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or for deposition or trial.  Any printed portion that consists of more than thirty (30) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no

1   more than 300 pages total of Source Code produced by a Producing Party.  The Receiving Party shall not

2   print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an

3   alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties

4   acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions

5   of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare

6   court filings, pleadings or other papers (including a testifying expert's expert report), or for deposition or

7   trial.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing

8   Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE

9   CODE" any pages printed by the Receiving Party.  Within seven (7) days, the Producing Party shall either

10  (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it

11  objects that the printed portions are excessive and/or not done for a permitted purpose.  The parties shall

12  meet and confer within seven (7) days of the Producing Party objecting that the printed portions are

13  excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party

14  and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court

15  resolution of whether the printed Source Code in question is narrowly tailored and was printed for a

16  permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions

17  are no more than is reasonably necessary and for a permitted purpose and not merely printed for the

18  purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code

19  produced by the Producing Party in this action.

20              (vi)    All persons who will review a Producing Party's Source Code on the Source Code

21  Computer on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall

22  be identified in writing to the Producing Party at least five (5) days in advance of the first time that such

23  person reviews such Source Code on the Source Code Computer.  Such identification shall be in addition

24  to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day

25  they view Source Code a log that will include the names of persons who enter the locked room to view the

26  Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log

27  upon 48 hours' advance notice to the Receiving Party.

28

1   (vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on

2   which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall

3   remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing

4   Party shall not be responsible for any items left in the room following each inspection session, and the

5   Receiving Party shall have no expectation of confidentiality for any items left in the room following

6   each inspection session without a prior agreement to that effect.  Proper identification of all authorized

7   persons shall be provided prior to any access to the secure room or the computer containing Source Code.

8   Proper identification requires showing, at a minimum, a photo identification card sanctioned by the

9   government of any State of the United States, by the government of the United States, or by the nation state

10  of the authorized person's current citizenship.  Access to the secure room or the Source Code Computer

11  may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

12   (viii)    Other than as provided above, the Receiving Party will not copy, remove, or

13  otherwise transfer any Source Code from the Source Code Computer including, without limitation,

14  copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The

15  Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the

16  offices of the Producing Party's outside counsel of record.

17   (ix)    The Receiving Party's outside counsel of record may make no more than three (3)

18  additional paper copies of any portions of the Source Code received from a Producing Party pursuant to

19  Paragraph 1(c)(v), not including copies attached to court filings or used at depositions, and shall maintain

20  a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or

21  recipients of paper copies and locations where the paper copies are stored.  Upon 48 hours' advance notice

22  to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the

23  Producing Party.

24   (x)    The Receiving Party's outside counsel of record and any person receiving a copy of

25  any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner

26  that prevents duplication of or unauthorized access to the Source Code, including, without limitation,

27  storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total

28

1    of ten (10) individuals identified by the receiving party shall have access to the printed portions of Source

2    Code (except insofar as such code appears in any court filing or expert report). Nevertheless, the Parties

3    hereto acknowledge the right of any Party to seek modification of this limit via motion filed with the Court

4    if same becomes necessary.

5              (xi)      For depositions, the Receiving Party shall not bring copies of any printed Source

6    Code.  Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify

7    the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall provide

8    at the deposition the entire set of Source Code that has been printed for use by the Receiving Party.

9    Alternatively, the Producing Party may authorize the Receiving Party to bring copies of printed Source Code

10   to any deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to

11   the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the

12   exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain

13   with the Producing Counsel's outside counsel following the deposition.

14             (xii)     The Receiving Party may not create electronic images of the Source Code except as

15   is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers.  If a

16   Party reasonably believes that it needs to make electronic images of Source Code, the Party will use its

17   best efforts to minimize the amount of Source Code in any such image, and meet and confer with the

18   Producing Party before making any such image so that the Parties discuss how to best protect the

19   confidentiality of the Source Code.  The Receiving Party shall maintain a log of all such electronic copies

20   of any portion of Source Code in its possession or in the possession of its retained consultants, including

21   the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner

22   in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled

23   "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.  Except as provided in this

24   sub-paragraph, the Receiving Party may not create electronic images, or any other images, or make

25   electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including

26   by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the

27   code).  Images or copies of Source Code shall not be included in correspondence between the Parties

28

1  (references to production numbers shall be used instead), and shall be omitted from pleadings and other

2  papers whenever possible.  Any materials containing Source Code shall at all times be limited solely to

3  individuals who are expressly authorized to view Source Code under the provisions of this Order.  If a

4  Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court,

5  it may do so, but any such filing shall be under seal; the party will use its best efforts to minimize the

6  amount of Source Code that must be filed; and it shall notify the Producing Party before filing so that the

7  Parties can meet and confer as to how to make such a filing while protecting the confidentiality of the

8  Source Code.

9  12.   <u>NOTICE OF DISCLOSURE</u>

10     (a)   Prior to disclosing any Protected Material to any person described in Paragraphs  1(a)(iii),

11  **Error! Reference source not found.**, or 1(c)(ii) (referenced below as "Person"), the Party seeking to

12  disclose such information shall provide the Producing Party with written notice that includes:

13       (i)   the name of the Person;

14       (ii)   an up-to-date curriculum vitae of the Person;

15       (iii)   the present employer and title of the Person;

16       (iv)   an identification of all of the Person's past and current employment and

17  consulting relationships within the last five years, including direct relationships and relationships

18  through entities owned or controlled by the Person; and

19       (v)   a list of the cases in which the Person has testified at deposition or trial within the

20  last five (5) years.

21     (b)   Further, the Party seeking to disclose Protected Material shall provide such other

22  information regarding the Person's professional activities reasonably requested by the Producing Party for

23  it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside

24  expert or consultant.

25     (c)   Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or

26  Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of

27  the fourteen (14) day period, the Person shall be deemed approved under this Stipulated Protective Order.

28

1    There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14)

2    day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period,

3    the Parties shall meet and confer via telephone or in person within seven (7) days following the objection

4    and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the

5    Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek

6    relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed

7    withdrawn.  If relief is sought, designated materials shall not be disclosed to the Expert until the Court

8    resolves the objection.

9         (d)    For purposes of this section, "good cause" shall include an objectively reasonable concern

10   that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways

11   that are inconsistent with the provisions contained in this Order.

12        (e)    Prior to receiving any Protected Material under this Order, the Person must execute a copy

13   of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

14        (f)    An initial failure to object to a Person under this Paragraph 12 shall not preclude the

15   nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection

16   is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the

17   objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the

18   Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek

19   relief from the Court.  The designated Person may continue to have access to Protected Material unless

20   and until the Court sustains the objecting Party's objection.    If the Producing Party fails to move for a

21   protective order within seven (7) business days after the meet and confer, the objection shall be deemed

22   withdrawn.

23   13.  CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

24        (a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery

25   Material under this Order at the time the designation is made, and a failure to do so shall not preclude a

26   subsequent challenge thereto.

27

28

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)      Failing agreement, the Producing Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Producing Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Receiving Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party

1   who designated the Discovery Material in question withdraws such designation in writing; or (b) the

2   Court rules that the Discovery Material in question is not entitled to the designation.

3   14.   SUBPOENAS OR COURT ORDERS

4       (a)   If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or

5   legislative body, the Party to whom the subpoena or other request is directed shall immediately give

6   prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel

7   and shall provide each such Party with an opportunity to move for a protective order regarding the

8   production of Protected Materials implicated by the subpoena.

9       (b)   If the Designating Party timely seeks a protective order, the Party served with the subpoena

10  or court order shall not produce any information designated in this action as "CONFIDENTIAL,"

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

12  SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless

13  the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden

14  and expense of seeking protection in that court of its confidential material – and nothing in these provisions

15  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

16  directive from another court.

17  15.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

18      LITIGATION

19      (a)   The terms of this Order are applicable to information produced by a Non-Party in this

20  action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-

22  Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

23  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

24  protections.

25      (b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

26  confidential information in its possession, and the Party is subject to an agreement with the Non-Party not

27  to produce the Non-Party's confidential information, then the Party shall:

28

(i)        promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)        promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)        make the information requested available for inspection by the Non-Party.

(c)        If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, or such other time as is provided by the agreement with the Non-Party, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

16.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Unauthorized or inadvertent disclosure of Protected Material to a person or in a circumstance not authorized under this Stipulated Protective Order does not change the protected status of the disclosed Protected Material and does not change the obligations of any of the Parties with respect to such Protected Material.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1   17.    FILING PROTECTED MATERIAL

2        (a)    Absent written permission from the Producing Party or a court Order secured after

3   appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record

4   any Protected Material.

5        (b)    Any Party is authorized under Civil Local Rule 79-5 to file under seal with the Court any

6   brief, document or materials that are designated as Protected Material under this Order.  However, nothing

7   in this section shall in any way limit or detract from this Order's requirements as to Source Code.

8   18.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

9        (a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client

10  privilege, work-product protection, or any other applicable privilege or protection, despite the Producing

11  Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the

12  applicable privilege and/or protection if a request for return of such inadvertently produced Discovery

13  Material is made promptly after the Producing Party learns of its inadvertent production.

14       (b)    Upon a request from any Producing Party who has inadvertently produced Discovery

15  Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such

16  Protected Material or Discovery Material and all copies to the Producing Party, or destroy such Protected

17  Material and certify to the Producing Party that it has been destroyed..

18       (c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use

19  containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such

20  other information as is reasonably necessary to identify the Discovery Material and describe its nature to the

21  Court in any motion to compel production of the Discovery Material.

22  19.    INADVERTENT FAILURE TO DESIGNATE PROPERLY

23       (a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected

24  Material with one of the designations provided for under this Order shall not waive any such designation

25  provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected

26  under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the

27  inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the

28

1   correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.

2   Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties

3   shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not

4   designated properly.

5           (b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material

6   before the Receiving Party receives such notice that such Discovery Material is protected under one of the

7   categories of this Order. Once a Receiving Party has received notification of the correct confidentiality

8   designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall

9   treat such Discovery Material (subject to the exception in Paragraph 19(c) below) at the appropriately

10  designated level pursuant to the terms of this Order.

11          (c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

13  shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL,"

14  "HIGHLY  CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY"  or  "HIGHLY  CONFIDENTIAL  –

15  SOURCE  CODE"  materials  while  the  materials  were  not  marked  "HIGHLY  CONFIDENTIAL  –

16  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the

17  activities set forth in Paragraph 6(b).

18  20.    <u>FINAL DISPOSITION</u>

19          (a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return

20  all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or

21  destroy such Material.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or

22  dismissal finally terminating the above-captioned action with prejudice, including all appeals.

23          (b)     All Parties that have received any such Discovery Material shall certify in writing that all

24  such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

25  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of

26  pleadings, correspondence and attorney and consultant work product (but not document productions) for

27

28

1   archival purposes.   Notwithstanding the above, Counsel for the Receiving Party must destroy any

2   pleadings, correspondence, and consultant work product that contains Source Code.

3   21.   <u>DISCOVERY FROM EXPERTS OR CONSULTANTS</u>

4          (a)   Absent good cause, drafts of reports of testifying experts, and reports and other written

5   materials, including drafts, of consulting experts, shall not be discoverable.

6          (b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be

7   treated as attorney work product for the purposes of this case and Protective Order.

8          (c)   Testifying experts shall not be subject to discovery with respect to any draft of his or her

9   report(s) in this case.   Draft reports, notes, or outlines for draft reports developed and drafted by the

10  testifying expert and/or his or her staff are also exempt from discovery.

11         (d)   Discovery of materials provided to testifying experts shall be limited to those materials,

12  facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in

13  forming his or her opinion in the case as reflected in his or her final report or trial or deposition

14  testimony.   No discovery can be taken from any non-testifying expert except to the extent that such non-

15  testifying expert has provided information, opinions, or other materials to a testifying expert relied upon

16  by that testifying expert in forming his or her opinion in the case as reflected in his or her final report or

17  trial or deposition testimony.

18         (e)   No conversations or communications between counsel and any testifying or consulting

19  expert will be subject to discovery unless the conversations or communications are relied upon by such

20  experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

21         (f)   Materials, communications, and other information exempt from discovery under the

22  foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this

23  litigation and Order.

24         (g)   Nothing in Protective Order, including Paragraphs 21(a)–(c), shall alter or change in any

25  way the requirements in Paragraph **Error! Reference source not found.** regarding Source Code, and

26  Paragraph **Error! Reference source not found.** shall control in the event of any conflict.

27  22.   <u>MISCELLANEOUS</u>

28

(a)     <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Stipulated Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Stipulated Protective Order.

(c)     <u>Successors.</u>  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Stipulated Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.  Identification of any individual pursuant to this Stipulated Protective Order does not make that individual available for

deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

     I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Firstface Co., Ltd. v.* _____, Case No. 3:18-cv-022__-JD (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated:  March 4, 2019                                  Respectfully submitted,

_/s/ Edward R. Nelson III_

Edward R. Nelson III (*Admitted Pro Hac Vice*)
Texas Bar No. 00797142
Thomas C. Cecil (*Admitted Pro Hac Vice*)
Texas Bar No. 24069489
Christopher G. Granaghan (*Admitted Pro Hac Vice*)
Texas Bar No. 24078585
ed@nbafirm.com
tom@nbafirm.com
chris@nbafirm.com
NELSON BUMGARDNER ALBRITTON P.C.
3131 West Seventh Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

Christopher D. Banys  (SBN 230038)
Richard C. Lin  (SBN 209233)
Jennifer L. Gilbert  (SBN 255820)
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

*Attorneys for Plaintiff FIRSTFACE CO., LTD.*

Dated:  March 4, 2019                                  Respectfully submitted,

By:   _/s/ Erik R. Fuehrer_
ERIK R. FUEHRER

*Attorney for Defendants SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.*

Dated:  March 4, 2019                                  Respectfully submitted,

By:   _/s/ Nathan B. Sabri_
NATHAN B. SABRI

*Attorney for Defendant APPLE INC.*

1

**ATTESTATION OF CONCURRENCE IN FILING**

2       Pursuant to Civil Local Rule 5-1(i)(3), Edward R. Nelson III attests that concurrence in the filing

3  of this document has been obtained from each of the signatories listed above.

4

5                                */s/ Edward R. Nelson III*
                                 Edward R. Nelson III

6

7                            **[PROPOSED] ORDER**

8

       PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

Dated: _____

10

11                                    By: _____

12                                       HON. JAMES DONATO
                                         UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28