United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTFACE CO., LTD., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 18-cv-02245-JD <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 36 |

In this patent dispute, Apple, Inc. moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 36. The motion is denied.

**BACKGROUND**

The technology at issue is the "home" button and related functionality on iPhones and iPads. The patents-in-suit, which plaintiff Firstface Co., Ltd. holds as an assignee, are Patent Nos. 8,831,557; 9,633,373; and 9,779,419. The patents are attached to the complaint. Dkt. No. 1, Exhs. A-C. Firstface alleges that Apple has infringed multiple claims in these patents by equipping its mobile devices with a home button that functions as an activation switch and initiates fingerprint authentication and the hands-free "Siri" functionality. Firstface alleges presuit knowledge of the '557 patent based on a 2015 offer to Apple to purchase or license Firstface's patent portfolio. *Id.* ¶ 14. Willful infringement for purposes of enhanced damages is alleged only for the '557 patent.

**DISCUSSION**

**I.    DIRECT INFRINGEMENT**

The complaint states plausible claims for direct infringement. The complaint attaches and incorporates by reference each of the patents at issue, and calls out the specific claims that have been infringed. It identifies the accused Apple products by name and pinpoints the infringing

components and functions, including the activation, authentication, and hands-free functions associated with the home button on those Apple devices. *See, e.g.*, Dkt. No. 1 ¶¶ 10, 12, 24, 26, 37, 39. That gives Apple fair notice of the infringement claims and the grounds on which they are brought, which is all that is required to meet the plausibility standards of *Iqbal* and *Twombly*. *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## II. INDIRECT INFRINGEMENT

The complaint adequately alleges knowledge for induced infringement. Induced infringement requires that the defendant knew about the patent and that the induced acts would amount to patent infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Firstface adequately alleges knowledge of all three patents for indirect-infringement purposes as of the filing date of the complaint. *See CAP Co. v. McAfee, Inc.*, Case No. 14-CV-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015).

The complaint also alleges enough facts to state a specific intent to encourage conduct by others known to be infringing. *See, e.g.*, Dkt. No. 1 ¶¶ 15-20, 29-32. These allegations are considerably more developed than the "passing references" found to be inadequate in *CAP*. *See* 2015 WL 3945875, at *5. Specifically, Firstface says that Apple actively coached customers to use the accused devices in an infringing manner through online tutorials and similar instructional matters, among other channels. *See, e.g.*, Dkt. No. 1 ¶ 16. That is enough to proceed with the induced infringement claims. *See Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019).

So too for the contributory infringement claims, which entail similar mental state requirements. *Commil*, 135 S. Ct. at 1927; *Global-Tech*, 563 U.S. at 764-66. The complaint also adequately alleges the absence of substantial noninfringing uses. This element "focuses on whether the accused products can be used for purposes *other than infringement*." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (quotation omitted; emphasis in original). It looks to "the use's practicality, the invention's intended purpose, and the intended market." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

The complaint alleges that the home button and fingerprint functionality are "not staple articles of commerce suitable for substantial non-infringing uses," but were instead "specifically programmed and/or configured to implement" the patents-in-suit. Dkt. No. 1 ¶¶ 17-18, 31-32, 44-45. Firstface specifies how these features on iPhones and iPads are central to the devices' operation. In addition, while it was not Apple's burden to identify any substantial noninfringing uses for the home button, it certainly did not point any out. The complaint plausibly alleges no substantial noninfringing uses.

### III. ENHANCED DAMAGES

The complaint adequately states a claim for enhanced damages under 35 U.S.C. Section 284 for willful infringement of the '557 patent. Enhanced damages may be appropriate as a sanction for willful infringement that manifests the wanton, malicious, and bad-faith conduct of a veritable pirate. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). The driving inquiry is whether the defendant acted despite a known or obvious risk of infringement. *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

The predicate determination of whether infringement was willful is a question of fact for the jury to decide. *Polara Engineering Inc. v. Campbell Co.*, 894 F.3d 1339, 1353-54 (Fed. Cir. 2018); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).[1] It is "by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances." *Gustafson, Inc. v. Inters. Indus. Prods., Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990) (emphasis omitted). Subjective willfulness alone can be enough to support an award of enhanced damages. *Halo*, 136 S. Ct. at 1933.

The intensely factual issues inherent in a claim of willfulness counsel against early dismissal at the pleading stage, all the more so because the salient facts and evidence are often in the defendant's sole possession. Here, Firstface alleges that Apple knew about the '557 patent as early as 2015, when it proposed a purchase or licensing deal to Apple for it, and proceeded with infringing activity after that. Dkt. No. 1 ¶¶ 14-16. That is enough to allow the claim to go

---

[1] The ultimate decision to award enhanced damages is, of course, entrusted to the sound discretion of the District Court. *Polara*, 894 F.3d at 1353.

3

forward for resolution on the basis of a fully developed record. Apple is perfectly free to attack the sufficiency of the evidence on summary judgment, if the record warrants it, or at trial.

**CONCLUSION**

The motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: March 8, 2019

JAMES DONATO
United States District Judge