**REDACTED - PUBLICLY FILED**

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
NICHOLAS R. FUNG (CA SBN 312400)
nfung@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
SHAELYN K. DAWSON (CA SBN 288278)
shaelyndawson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRSTFACE CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:18-cv-02245-JD<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE APPLE'S FOURTH AMENDED INITIAL DISCLOSURES**<br><br>Date: October 20, 2022<br>Time: 10:00 a.m.<br>Ctrm: 11<br>Judge: Hon. James Donato |

**REDACTED - PUBLICLY FILED**

## I. INTRODUCTION

Firstface's motion to strike omits the most pertinent facts regarding this dispute. Steve Hotelling is a substitute for [redacted] Apple identified [redacted] as knowledgeable about Apple's prior art and prior invention defenses on June 17, 2022. [redacted] Apple promptly informed Firstface on August 11, 2022. Apple then diligently searched for and identified a replacement witness, Mr. Hotelling, within the fact discovery period. To avoid any prejudice to Firstface from Mr. Hotelling's substitution, Apple offered to make him available for deposition promptly, but Firstface did not accept. In view of the complete facts, Mr. Hotelling's substitution is substantially justified under Rule 37.

As for Eliza Block, Firstface also omits the full chronology of events leading to her identification as a potential witness. Apple made its source code available for inspection on April 29, 2022. Firstface then waited until August 16, 2022—two weeks before the fact discovery close—to raise any challenge to the code's status. It was in response to that challenge that Apple identified Ms. Block to speak on this source code. Like Mr. Hotelling, Apple offered to make Ms. Block available for deposition promptly, but Firstface did not accept.

These witnesses are important to Apple's case presentation, especially given the magnitude of Firstface's damages demand. In its latest damages disclosure, Firstface indicates its intent to seek over $1 billion in damages for a purported invention involving a button. Its principals were aware of Apple's existing products during prosecution, and they specifically amended the claims in an attempt to cover them. It therefore should be unsurprising that Apple had long been working on this technology—and that its own prototype and devices invalidate these claims. Rather than attack Apple's art directly on the merits, however, Firstface engages in procedural skirmishes to try to preclude Apple's evidence. In view of these circumstances, Apple's diligence in identifying Mr. Hotelling and Ms. Block, and their potential importance to this case, Apple urges the Court to deny Firstface's motion.

## II. BACKGROUND

Firstface sued Apple on April 13, 2018 for patent infringement. The patents relate to mobile

devices with a button that turns on the display and performs additional functions.[1]

On August 5, 2019, the Patent Trial and Appeal Board ("PTAB") instituted *inter partes* review ("IPR") of all asserted claims. The Court stayed the case on August 9, 2019. (Dkt. No. 95.)

On July 31, 2020, the PTAB found all challenged claims of the '557 patent, claims 1, 2, 4-6, and 10 of the '373 patent, and claims 1-4, 6-7, and 9 of the '419 patent to be unpatentable. (Dkt. No. 106 at 2.) The PTAB also found that Apple had not shown the '373 patent claims 11-14 and 18 or '419 patent claims 10-13 and 15-17 of the '419 patent to be unpatentable. (*Id.*) The Federal Circuit affirmed the PTAB's Final Written Decisions on September 13, 2021. (*Id.*)

### A. Post-Stay Supplementations to Infringement and Invalidity Contentions and Firstface's Motion to Strike.

After the Court lifted the stay in November 2021, the parties agreed that both parties could supplement their contentions. (Dkt. No. 108.) In its December 10, 2021, and March 4, 2022, supplemental infringement contentions, Firstface raised a new infringement theory and took positions contrary to those in the IPR proceedings. (*See* Dkt. No. 132.) On April 29, 2022, Apple therefore served Second Amended Invalidity Contentions ("SAIC") that addressed Firstface's new and inconsistent infringement theories. (*See* Dkt. No. 132 (citing Dkt. No. 125-4).)

Apple's SAICs referred to a smartphone that contained an embedded fingerprint sensor ("Fingerprint Prototype") that Apple developed. (Dkt. Nos. 132, 132-1.) The Fingerprint Prototype proves that Apple conceived of the claimed inventions before Firstface. (*See, e.g.*, Dkt. No. 125-4 at 22.) [redacted] (Dkt. No 132-1 at ¶¶ 24-25.) Apple's SAICs also referred to prior art source code for the iPhone 3, 3GS, and 4 and related obviousness combinations. On April 29, 2022, Apple made its prior art source code available for inspection. (Dawson Decl. at ¶ 10, Ex. 1.)

On May 25, 2022, Firstface moved to strike the Fingerprint Prototype, prior art iPhones,

---

[1] Firstface initially asserted U.S. Patent 8,831,557 ("the '557 patent"), 9,633,373 ("the '373 patent"), and 9,779,419 ("the '419 patent"). The asserted claims of U.S. Patent '557 were found unpatentable by the PTAB.

and prior art source code from Apple's SAICs. (Dkt. No. 124.) In opposing Firstface's motion, Apple explained its diligence in gathering documents [redacted] (Dkt. No 132-1 at ¶¶ 24-25.) The Court denied Firstface's motion to strike on June 28, 2022. (Dkt. No. 139.)

On June 13, 2022, [redacted] (Dawson Decl. ¶ 1.) [redacted] (*Id.*) On June 24, 2022, Firstface asked to depose him, and Apple agreed to look for available dates. (*Id.* ¶ 2.)

**B. The Parties' Stipulation to a One-Month Discovery Extension.**

In May 2022, [redacted] (Dawson Decl. ¶ 3.) Firstface subsequently asked Apple to jointly stipulate to move the discovery deadline from August 31 to September 30. (*Id.* ¶ 4.) [redacted] Apple agreed to Firstface's proposal. (Dkt. No. 148.)

On August 11, 2022, [redacted] (Dawson Decl. ¶ 5.) Firstface said it "understood" and would be "flexible" given the circumstances. (*Id.*)

Shortly after the parties' August 11, 2022 discussion, [redacted] (*Id.* ¶ 6.) Apple immediately began searching for a replacement witness and ultimately located Mr. Hotelling.[2] (*Id.*) On August 30, 2022, Apple amended its initial disclosures to identify Mr. Hotelling. (*Id.* ¶ 7.)

On September 1, 2022, the Court denied the parties' stipulation to extend discovery. (Dkt. No. 163.) Firstface then objected to Mr. Hotelling's substitution [redacted] and agreement to be "flexible."

---

[2] Apple did not disclose Mr. Hotelling because he is "the named inventor on [certain related] provisional patent applications," as Firstface argues. (Mot. at 6 n.2.) While Firstface is free to question him on that, Apple substituted Mr. Hotelling [redacted].

(Dawson Decl. ¶ 5.) After again explaining that Mr. Hotelling [redacted] (*id.* ¶ 8), on September 7, 2022, Apple offered to make Mr. Hotelling available for deposition, but Firstface did not respond, (*id.* ¶ 9.)

**C. Firstface's Proposed Representative Source Code Stipulation.**

On July 22, 2022, Firstface proposed that the parties stipulate that Apple's produced iOS source code for the accused products (*i.e.*, iOS 12.0 and 13.0) was representative of unproduced sub-versions of the iOS source code (*e.g.*, iOS 12.1, 12.2, 13.1, 13.2). (*Id.* ¶ 11.)

In response, Apple proposed that the Firstface's stipulation equally apply to Apple's produced prior art iOS source code. As noted, Apple had made that code available in April 2022. In particular, Apple suggested that the produced versions of Apple's prior art iOS source code be representative of sub-versions of same code. (*Id.* ¶ 12.)

On August 16, 2022, Firstface rejected that proposal. (*Id.* ¶ 13.) In view of Firstface's position, Apple amended its initial disclosures to identify Ms. Block as a witness for its prior art source code and related products. (*Id.*)

On September 8, 2022, Firstface first raised an objection to Apple's disclosure of Ms. Block. (*Id.* ¶ 14.) On September 9, 2022, Apple offered to make Ms. Block available for deposition, but Firstface never responded. (*Id.* ¶ 15, Ex. 2)

**D. Firstface's Damages Demand and the Remaining Case Schedule.**

On August 9, 2022, Firstface served updated damages disclosures. Firstface newly claims that damages in excess of $1.1 billion would be reasonable. (*Id.* ¶ 17.)

Expert discovery closes on November 30, 2022, and trial is set for July 10, 2023.

## III. LEGAL STANDARD

Parties must supplement their disclosures in a timely manner under Rule 26(e)(1)(A), including on the last day of discovery. *See Russell v. Daiichi-Sankyo, Inc.*, No. 11-cv-34, 2012 WL 1805038, at *4-5 (D. Mont. May 17, 2012) (disclosure of fact witnesses made on the last day of discovery was "timely" "albeit on the day discovery closed."). The duty to supplement does not apply if the additional information has otherwise "been made known to the other parties during the discovery process or in writing." *Nuance Commc'ns, Inc. v. Abbyy Software House, et al.*, No. 08-

cv-2912, 2012 WL 2838431, *1 (N.D. Cal. July 10, 2012).

Under Rule 37(c)(1), a party cannot rely on undisclosed witnesses "unless the failure was substantially justified or is harmless." To determine if a failure is substantially justified or harmless, courts in this District consider five *Baykeeper* factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation. *S.F. Baykeeper v. W. Bay Sanitary Dist.* ("*Baykeeper*"), 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011).

## IV. ARGUMENT

### A. Apple's Substitution of [redacted] with Mr. Hotelling Is Appropriate.

#### 1. Apple disclosed [redacted] months before the fact discovery close.

As an initial matter, Firstface is wrong that Mr. Hotelling's substitution [redacted] is invalid under Rule 37(c)(1) because Apple did not identify [redacted] in its initial disclosures. (Mot. at 6 n.2.) Firstface ignores that Apple had *already* identified [redacted] to Firstface as the person knowledgeable about the Fingerprint Prototype on June 17, 2022. (Dawson Decl. ¶ 1.) Firstface's brief even includes authority that supports this position. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-CV-5808, 2015 WL 9900617, at *2 (N.D. Cal. Oct. 26, 2015) ("supplemental initial disclosures are not required where the subject witnesses are otherwise disclosed during the discovery process or in writing."); *Markson v. CRST International, Inc.*, No. 5:17-cv-1261, 2021 WL 5969519, at *1 (C.D. Cal. Nov. 23, 2021) ("parties have an ongoing duty to supplement disclosures throughout litigation if . . . the corrective information has not otherwise been made known to the other parties during the discovery process or in writing."); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016) ("Court must determine whether the information otherwise made known during the discovery process is the functional equivalent of the information required under Rule 26(a)(1)(A).").

Firstface certainly was aware of both [redacted] and his knowledge, as it requested his deposition on June 24, 2022. (*Id.* at ¶ 2.) After Apple informed Firstface about

[redacted], Firstface expressed its understanding and agreed to be flexible about scheduling his deposition. (*Id.* at ¶ 5.) In view of Firstface's actual knowledge of [redacted] and his knowledge, his absence from Apple's initial disclosures does not bar Mr. Hotelling's substitution. *Nuance Commc'ns*, 2012 WL 2838431, at *1 (explaining that, under Rule 37(e), supplementation "is not mandatory 'if the additional or corrective information has [] been made known to the other parties during the discovery process or in writing.'"); *see also Perez v. UPS*, No. 21-16538, 2022 WL 3681297, at *1 (9th Cir. Aug. 25, 2022) (not requiring supplementation where it was reasonable for the opposing party to make a conclusion during discovery).

Even if otherwise, Mr. Hotelling still should be allowed to testify even though his "individual name[] [did not appear] as part of Apple's [earlier] disclosures." *Baykeeper*, 791 F. Supp. 2d at 733. This is because he "serve[s] the same purpose" as [redacted] *Id.*

**2. Apple was substantially justified in substituting [redacted] with Mr. Hotelling, in view of the former's [redacted]**

All five *Baykeeper* factors support allowing Apple's substitution of [redacted] with Mr. Hotelling as substantially justified.

First, Apple's substitution of [redacted] was no surprise to Firstface. Apple disclosed the subject matter of [redacted] in its April 8, 2022 invalidity contentions. (Dkt. No. 132.) On June 17, 2022, Apple then identified [redacted] as the person most knowledgeable about this prototype, and later agreed to put him up for deposition. (Dawson Decl. ¶¶ 1-2.) Apple further disclosed [redacted] during the fact discovery period on August 11, 2022. (*Id.* ¶ 5.) In response, Firstface indicated that it "understood" and would be "flexible." (*Id.*) [redacted] Firstface cannot feign surprise from his substitution with Mr. Hotelling. *Cf. Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (affirming order allowing expert "testimony" that was "not a surprise").

Second, even assuming *arguendo* that Firstface actually was surprised by [redacted] the surprise is readily curable. Apple offered to make Mr. Hotelling available for deposition, but Firstface has ignored that offer. (Dawson Decl. ¶¶ 8-9.)

If Firstface had agreed, the parties could have jointly made this request similar to a third party deposition that Apple sought. That fact discovery has closed should not bar Mr. Hotelling's deposition, as the parties have stipulated to (and the Court has approved) depositions after the fact discovery close that will not affect the case schedule. (Dkt. No. 171 (allowing deposition of Global IP Law Group LLC).)

Third, allowing Mr. Hotelling's deposition would not disrupt the trial. The trial date is set for July 10, 2023 and thus remains almost a year away. *See Baykeeper,* 791 F. Supp. 2d at 734 (third factor "weigh[ed] against preclusion," where trial not impacted).

Fourth, the evidence's importance strongly favors allowing Mr. Hotelling to testify [redacted] *Id.* (fourth factor "weigh[ed] against preclusion" where evidence "important to the Court's consideration of this case."). The Fingerprint Prototype proves that Apple conceived of the invention before Firstface, rendering both remaining patents invalid.

Fifth, Apple's explanation is imminently reasonable. Apple identified Mr. Hotelling as a replacement [redacted] (Dawson Decl. ¶¶ 6-8.) Apple "merely [seeks to] substitute one witness for an equivalent witness out of convenience to a previously disclosed witness." *Ellis v. J.P. Morgan Chase & Co.*, No. 12-cv-03897, 2015 WL 9178076, at *8 (N.D. Cal. Dec. 17, 2015).

[redacted] *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-cv-6213, 2016 WL 6826171, at *4 (C.D. Cal. Apr. 7, 2016) (permitting substitution where expert testimony overlapped with prior witness's subject matter); *Brooks v. Cnty. of San Joaquin*, No. 09-cv-3343, 2012 WL 5928416, at *1 (E.D. Cal. Nov. 26, 2012) (permitting supplemental disclosures in view of expert's death); *Sinclair Wyo. Ref. Co. v. Pro-Inspect, Inc.*, No. 12-cv-196, 2014 WL 12768315, at *2 (D. Wyo. Jan. 29, 2014) (late disclosure due to expert's unexpected passing was substantially justified). Courts do so even where the substitution is delayed. *See Haney v. Kavoukjian*, No. 19-cv-2098, 2022 WL 1439041, at *1-2 (D.S.C. May 5, 2022) (late disclosure of new expert substantially justified, even though defendants waited several months after prior expert's death).

**3. Apple's disclosure of Mr. Hotelling does not harm Firstface.**

Although Apple need only show it was "substantially justified" in substituting Mr. Hotelling [redacted] *or* that the disclosure was "harmless," Firstface's harm allegations also fail. Apple has offered to make Mr. Hotelling available for deposition to remedy any alleged harm, but Firstface ignored Apple's offer.[3] (Dawson Decl. ¶ 9.) As noted, the parties have agreed to (and the Court has approved) the taking of depositions after the fact discovery close. (Dkt. No. 171.)

Firstface's knowledge that [redacted] further obviates any claim of harm. *See Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 21 (D.P.R. 2009) (no harm where the opposing party had notice of the possibility of substitution).

In contrast to the absence of harm to Firstface, Mr. Hotelling's testimony is particularly important to Apple's case presentation. Firstface's principals were aware of Apple's iPhone devices while prosecution was ongoing, and they amended the claims in 2015 to try to read them on Apple products already on the market. (Dawson Decl. ¶ 16, Ex. 3 (Jung Dep. Tr. 122:11-19.) That their amendments ensnared Apple's own prior art Fingerprint Prototype supports allowing Mr. Hotelling to explain this, [redacted]

**B. Apple's Addition of Ms. Block Also Is Substantially Justified and Harmless.**

The Court also should allow Ms. Block to testify, as it was Firstface that created the need for her testimony. Apple made its prior art source code available on April 29, 2022, shortly after serving its SAICs. (Dawson Decl. ¶ 10.) After waiting more than three months to inspect the code, Firstface did not raise any challenge to the representative nature of Apple's prior art source code until August 16, 2022—four months after Apple's production. In response to Firstface's challenge, Apple amended its initial disclosures to identify Ms. Block as a potential witness on that code.

Here, too, the five *Baykeeper* factors favor allowing Ms. Block's testimony. First, Firstface has long known of Apple's intent to rely on its prior art source code. It thus cannot be surprised by Apple's offer of testimony to rebut its challenges. Second, to the extent Firstface was surprised, Apple has offered to make Ms. Block available for a deposition to cure that surprise. Third, with

[3] Although Firstface alleges prejudice based on document production, Firstface omits that the parties agreed not to exchange emails from any custodian in this case.

trial still almost a year away, Ms. Block's testimony will not disrupt trial. Fourth, testimony about Apple's prior art source code to corroborate the invalidity of Firstface's patents is important.

Fifth and finally, Apple's explanation is reasonable: Apple did not know Ms. Block's testimony might be relevant until Firstface challenged the representative nature of Apple's prior art source code. *See Hong Kong Ucloudlink Net. Tech. Ltd. v. SIMO Holdings Inc.*, No. 18-cv-5031, 2021 WL 2457148, at *1 (N.D. Cal. June 16, 2021) (allowing testimony where "there [was] little to suggest [party] would have known that the information would be relevant").

Firstface likewise can show no harm from Ms. Block's testimony. Apple intends to offer her testimony for "nothing more than [to] authenticate and summarize" Apple's prior art source code and products.[4] *Ellis*, 2015 WL 9178076, at *8 (no harm where witness was disclosed to do "nothing more than authenticate and summarize" information "produced in discovery"). Apple did not intentionally delay identifying Ms. Block, but disclosed her shortly after Firstface challenged Apple's code. *See Allison v. Wise*, No. 08-cv-157, 2009 WL 10709123, at *4 (S.D. Ohio Dec. 23, 2009) (defendant's disclosures substantially justified when no evidence of "purposeful delay"). And as with Mr. Hotelling, Apple has offered to make Ms. Block available for deposition to cure any alleged harm, but Firstface has not responded.

## V. CONCLUSION

Apple offers one witness, Mr. Hotelling, to replace a witness [redacted] It offers a second witness, Ms. Block, to respond to Firstface's apparent challenge to the representative nature of its prior art source code.

Because testimony from both witnesses is substantially justified and harmless, Apple urges the Court to deny Firstface's motion to strike.

[4] The parties entered into a "Joint Stipulation Regarding Document Authentication" on September 22, 2022. (Dkt. No. 174.) Although the stipulation addresses the authentication of Apple's source code, Firstface's positions indicated its intent to dispute other aspects of Apple's code.

Dated: September 26, 2022

MORRISON & FOERSTER LLP

By: */s/ Nicholas R. Fung*
NICHOLAS R. FUNG

Attorneys for Defendant
APPLE INC.