UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FIRSTFACE CO., LTD., | Case No. 18-cv-02245-JD |
| Plaintiff, | |
| v. | **ORDER RE MOTIONS TO SEAL** |
| APPLE, INC., | |
| Defendant. | |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1107 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted)). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

Defendant Apple and plaintiff Firstface filed sealing motions in connection with the motion to strike Apple's initial disclosures. Dkt. Nos. 180, 184. Pursuant to Civil Local Rule 79-

United States District Court
Northern District of California

1    5, Firstface filed a notice of sealing for information that Apple designated confidential, Dkt. No.

2    184, and Apple filed a declaration to state why the information should be sealed.  Dkt. No. 186.

3         Apple says portions of the motion to strike briefing should be redacted because they

4    contain details about the personal and medical information of an Apple employee.  *See* Dkt. No.

5    180, 186.  In support of the proposed redactions, Apple submitted a declaration from its Discovery

6    Manager who says that the employee information is confidential and has not been disclosed in

7    public filings.  Dkt. No. 180-2 ¶¶ 5-6.  Apple has met its burden for a subset of the information it

8    seeks to redact, and the specific sealing determination are stated in the attached chart.  *See* Ex. A.

9         The Court will seal the portions of the documents that directly or indirectly identify the

10   employee, who will not be a witness in the case, and the medical information.  *See* Dkt. No. 184-3.

11   Apple has not met its burden for sealing the information about when Apple learned of the

12   employee's medical condition, the documents it collected from the employee, and the substitution

13   of another witness.  *See* Dkt. Nos. 180-4, 180-5.

14        Apple and Firstface also filed motions to seal in connection with a discovery letter and the

15   motion to amend infringement contentions.  Dkt. Nos. 152, 156, 175.  Firstface filed a notice of

16   sealing for information Apple designated confidential, Dkt. No. 156, and Apple filed a declaration

17   to state why the information should be sealed.  Dkt. No. 159.

18        Apple says portions of its opposition to the motion to amend infringement contentions

19   should be redacted because they contain "highly confidential descriptions of the functionality of

20   Apple's Touch ID and Apple's proprietary implementation of that functionality, including in

21   Apple's proprietary source code."  Dkt. No. 152 at 1.  Apple says that disclosure of this

22   information would cause competitive harm by providing Apple's competitors with insight into the

23   "proprietary implementation of the functionality of Apple's Touch ID, including how Apple

24   implements this functionality in its source code."  *Id*. at 2.  Apple also says that portions of a

25   discovery dispute letter should be redacted because they contain "non-public and proprietary

26   market research and consumer use data, including customer surveys, that contain market analyses

27   of Apple's product and product features."  Dkt. No. 175 at 2.  Disclosure of this information is

28   said to put Apple at a competitive disadvantage by providing its competitors insight into Apple's

consumer survey and usage data.  *Id.*  In support of the proposed redactions, Apple submitted declarations from its Discovery Manager.  Dkt. No. 152-2; Dkt. No. 159 ¶ 4; Dkt. No. 176.

Apple has not met its burden of stating "a specific factual demonstration of a compelling reason" for sealing.  *See In re Google Antitrust Litigation*, 556 F. Supp. 3d at 1107-08.  The declarations submitted in support of sealing merely repeat the conclusory assertions made in the motions to seal.  Dkt. No. 152-2 ¶¶ 5-6, 8-9; Dkt. No. 176 ¶¶ 5-6.  Apple has not demonstrated that statements that Touch ID requires "the additional user input of the user's human flesh," constitute proprietary information that could cause competitive harm if disclosed.  *See, e.g.*, Dkt. No. 152-3 at 4-5.  Nor has it demonstrated that disclosure of generic descriptions such as "showing customer use of Touch ID vs. other features" and "buyer surveys discussing usage" or disclosure of metrics related to iPhone SE and Touch ID use could cause competitive harm.  *See* Dkt. No. 175-3 at 1-2.  Consequently, sealing is denied for Dkt. Nos. 152, 156, and 175.

Sealing is also denied for Dkt. Nos. 142 and 166 because the designating parties stated that they do not seek to seal the documents.  Dkt. Nos. 150, 172.

For Dkt. No. 125, the parties are directed to file a single, joint motion to seal that is revised in accordance with this order by November 23, 2022.  Unreasonable sealing requests may be sanctioned.  Dkt. No. 125 is terminated without prejudice.

The parties are directed to file revised redacted versions of Dkt. Nos. 180-4, 180-5, and unredacted versions of the documents for which sealing is denied, within seven court days of this order.  Civil L.R. 79-5.

**IT IS SO ORDERED.**

Dated:  November 2, 2022

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3

**EXHIBIT A TO ORDER RE MOTIONS TO SEAL**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Opposition to Motion to Strike.  Dkt. No. 180-4. | Highlighted portions on pages 1-9. | Contains confidential and personal medical information.  Dkt. No. 180-2 ¶¶ 5-6. | **Granted in part**.  The employee's name, identifying information, and medical information on pages 1-9 may be redacted because it discloses confidential and personal medical information.<br><br>**Denied** for all other proposed redactions. |
| Dawson Declaration in Support of Opposition to Motion to Strike.  Dkt. No. 180-5 | Highlighted portions on pages 1-2. | Contains confidential and personal medical information.  Dkt. No. 180-2 ¶¶ 5-6. | **Granted in part**.  The employee's name, identifying information, and medical information on pages 1-2 may be redacted because it discloses confidential and personal medical information.<br><br>**Denied** for all other proposed redactions. |
| Reply in Support of Motion to Strike.  Dkt. No. 184-3. | Highlighted portions on pages 2-6. | Contains confidential and personal medical information.  Dkt. No. 180-2 ¶¶ 5-6 | **Granted**.  The employee's name and medical information on pages 2-6 may be redacted because it discloses confidential and personal medical information. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28